C. & G. Manufacturing Co., Inc. *vs.*
Columbia Insurance Company of New York *et al.*

APRIL 30, 1959.

Present: Roberts, Paolino and Powers, JJ.

Powers, J. This is an action of assumpsit to recover damages for the loss of stolen personal property. The defendants' demurrer to the plaintiff's declaration was sustained by a justice of the superior court. The case is before us solely on the plaintiff's exception to such decision.

The plaintiff, a Rhode Island corporation, is engaged in the manufacturing of jewelry. On or about June 1, 1956 it entered into a contract of insurance with the Columbia Insurance Company of New York, which merged with the Phoenix Assurance Company of New York on December 31, 1956. The policy of insurance, annexed to and made a part of the declaration, is described by plaintiff as "an All-

Risk policy" but paragraph 8 provides: "This Policy Does Not Insure Against Or Cover:— * * * (h) Theft unless by forcible entry into the conveying vehicle."

The declaration alleges that on or about December 22, 1956 a burglar feloniously with force and violence entered the premises of Lou-Ric Jewelry, Inc. at 36 Garnet street, in the city of Providence, a processor of plaintiff's goods specifically included in its policy, and took and carried away personal property of plaintiff of the value of $5,181.75. The declaration further alleges that there were visible marks of such force and violence upon the exterior of the premises at the place of entry by tools or other instruments; that the plaintiff had paid the premiums; that it notified defendants of its loss within the required time and made demand for payment; and that defendants have refused to pay said claim.

The defendants demurred on the ground that the declaration did not state a cause of action. In support of their demurrer they argued that the loss was occasioned by theft under circumstances for which they were not responsible, by virtue of the provisions of paragraph 8 (h) of the policy.

The plaintiff contends that, notwithstanding the exclusion of liability for theft, defendants are responsible for burglary and by virtue thereof plaintiff is entitled to recover. It contends that this court should reverse the decision of the trial justice on the proposition that burglary should be construed to include theft, since the latter term is not defined in the policy. It argues that "theft" when not specifically defined within the contract must be given its ordinary meaning, such as the fraudulent taking of personal property from another, without his consent, and with intent to deprive him of it, namely, stealing, but should not be construed to include burglary. We concede that the word "theft" does not include the act of burglary unless it is expressly so defined in the agreement. We fail to understand how this can be of any benefit to plaintiff.

Granting that the policy included burglary among the risks assumed by defendants, it is elementary that the offense of burglary does not necessarily include stealing or theft either at common law or by the statutes made and provided. It follows that actual theft by a burglar can be expressly excluded as a risk, leaving the insurer liable for damages resulting from burglary as such. The proximate cause of plaintiff's loss was theft and not burglary. This is the situation in the case at bar. In reaching his decision the trial justice stated: "In the declaration a theft has been alleged and the policy very clearly states that such a loss is not covered except when the theft occurs by forceable entry into the conveying vehicle." We are of the opinion that the demurrer was properly sustained.

The plaintiff's exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Dick & Carty, Joseph B. Carty,* for plaintiff.

*Sherwood & Clifford, Raymond E. Jordan, E. Howland Bowen,* for defendants.